**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Acton No. _____

DEREK WILFONG, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

TTEC SERVICES CORPORATION,

      Defendant.

*Jury Trial Demanded*

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**
**AND JURY DEMAND ENDORSED HEREON**

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111.03.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq.*

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because its principal place of business is in Colorado.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

7. At all material times, Plaintiff is and was a citizen of the United States and a resident of LaGrange, Ohio.

8. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. § 4111.03(D)(3).

9. At all material times, Defendant is and was a corporation for profit with its principal place of business located at: 6312 South Fiddler's Green Circle, Greenwood Village, Colorado 80111.

10. Defendant may be served with process by serving its registered agent and/or authorized representative of service of process in the State of Colorado: C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

11. At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

12. At all material times, Defendant is and was an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

14. At all material times, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

16. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendant is a telecommunications company that provides customer experience strategy, technology, and business process outsourcing solutions.

18. Defendant operates call centers at various locations across the country where it employs customer service representatives and employees with other or more specific jobs titles who perform substantially identical functions and/or duties to customer service representatives (hereinafter "customer service representatives").

19. Defendant also employs customer service representatives who work remotely, but perform the same tasks as the customer service representatives who work at call centers.

3

20. Plaintiff has been employed by Defendant as a customer service representative in Ohio from approximately April 28, 2011 through the present. Plaintiff was first employed at Defendant's Westlake, Ohio call center, but since approximately April 2020, Plaintiff has been employed with Defendant as a remote customer service representative, working from his home in LaGrange, Ohio.

21. Other similarly situated current and former employees of Defendant were employed as customer service representatives or performed the same or substantially similar tasks as customer service representatives.

22. Plaintiff and other similarly situated employees had the same and/or substantially similar job duties and responsibilities and were subjected to the same policies and procedures during their employment with Defendant.

23. Plaintiff and other similarly situated employees of Defendant are/were non-exempt employees under the FLSA.

24. Plaintiff and other similarly situated employees of Defendant are/were paid an hourly wage.

25. Plaintiff and other similarly situated employees were regularly scheduled to work 40 hours per workweek.

26. Plaintiff and other similarly situated employees of Defendant regularly worked more than 40 hours per workweek.

27. Plaintiff estimates that, on average, he has worked between approximately 43 and 45 hours or more per week.

### **Failure to Pay for All Hours Worked Including Overtime**

*(Failure to Pay for Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)*

28. Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, software applications, and phone system.

29. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

30. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

31. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

32. There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, and phone system.

33. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

34. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and phone system.

5

35. Plaintiff estimates that he spent approximately 10 to 20 minutes or more before his shift start times starting and logging into Defendant's computer systems, software applications, and phone system each workday, which time was in addition to the hours he was scheduled to work, and thus, in addition to the 40 hours per week he spent working his scheduled shifts.

36. Plaintiff and other similarly situated employees were required to work off-the-clock before their scheduled shift start time in order to perform this unpaid work.

*(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)*

37. Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, software applications, and phone system.

38. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

39. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

40. This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

41. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and phone system and before and after other meetings and work time.

6

42. This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

43. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

44. Plaintiff estimates that he spent approximately 5 to 10 minutes after his shift logging out of and shutting down Defendant's computer systems, software applications, and phone system each workday, which time was in addition to the hours he was scheduled to work, and thus, in addition to the 40 hours per week he regularly spent working his scheduled shifts.

45. Plaintiff and other similarly situated employees were required to continue working off-the-clock after their scheduled shift stop time in order to perform this unpaid work.

*(Failure to Pay for Time Spent Working but not Logged Into Timekeeping System)*

46. Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees were not paid for all hours worked.

47. Defendant paid Plaintiff and other similarly situated employees only for work performed while they were completely logged into Defendant's computer systems, software applications, and phone system.

48. Plaintiff and similarly situated employees were not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and phone system.

7

*(Failure to Pay Overtime Compensation)*

49. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

50. The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above (including booting up and logging into Defendant's computer system, applications, and phone system; shutting down Defendant's computer system, applications, and phone system; and otherwise working while not completely logged into Defendant's computer system, applications, and phone system) was in addition to the 40 or more hours they worked while clocked-in for their scheduled shift, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate of pay.

**Failure to Include Bonuses and/or Other Remunerations in Overtime Calculations**

51. Defendant paid Plaintiff and other similarly situated customer service representatives bonuses and other remunerations.

52. The bonuses and/or other remunerations that Defendant paid to Plaintiff and other similarly situated customer service representatives were nondiscretionary.

53. The bonuses and/or other remunerations were paid as an incentive for hard work and production by Plaintiff and other similarly situated customer service representatives, and were based on predetermined matrices.

54. Defendant failed to include the bonuses and/or other remunerations paid to Plaintiff and other similarly situated employees in the regular rate of pay for purposes of calculating their overtime compensation.

55. As a result of Defendant's failure to include the bonuses and/or other remuneration in the calculation of overtime compensation, Plaintiff and similarly situated employees were denied significant amounts of overtime compensation.

### Failure to Keep Accurate Records

56. Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated employees when not clocked in.

### Defendant Willfully Violated the FLSA

57. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

58. Defendant knew and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

59. Defendant did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law has carried out its illegal pattern and practice of not paying its customer service representatives for all hours worked, including overtime (including time spent working to log in or out of the computer systems, applications, and phone system, and all other time spent working while not logged into Defendant's call programs), and failing to include nondiscretionary bonuses and other remunerations paid to its customer service representatives in the regular rate of pay for purposes

of calculating their overtime compensation. Defendant's method of paying Plaintiff was not based on a good faith and reasonable belief that its conduct complied with the law.

### COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

61. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current customer service representatives, and persons with jobs performing substantially identical functions and/or duties to customer service representatives, employed by TTEC Services Corporation in the United States at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("FLSA Class").

62. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 500 persons.

63. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

64. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action

and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

65. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class defined as:

> All former and current customer service representatives, and persons with jobs performing substantially identical functions and/or duties to customer service representatives, employed by TTEC Services Corporation in Ohio at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter ("Ohio Class").

66. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff Walker is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

67. There are questions of law or fact common to the Ohio Class, including but not limited to the following: (a) whether Defendant failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; (b) whether Defendant failed to include bonuses and other remuneration when calculating the overtime compensation owed to customer services representatives; and (c) what amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violation of Ohio R.C. § 4111.03, *et seq*.

68. The claims of the named Plaintiff is typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

11

69. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. He interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

70. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

## Violations of Fair Labor Standards Act

72. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in and after clocking out each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

74. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

75. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

76. Defendant's practice of policy of failing to include bonuses and/or other remuneration earned by Plaintiff and other similarly situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. §§ 778.208-209, and 29 C.F.R. § 548.502.

77. Defendant's actions and/or omissions were not in good faith.

78. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

79. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

## Violation of Ohio Minimum Fair Wage Standards Act

80. Plaintiff, on behalf of himself and the Ohio Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

81. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in and after clocking out each day violated the OMFWSA, Ohio R.C. § 4111.03, *et seq*.

82. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the OMFWSA, Ohio R.C. § 4111.03, *et seq*.

83. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the OMFWSA, Ohio R.C. § 4111.03, *et seq*.

84. Defendant's practice of policy of failing to include bonuses and/or other remuneration earned by Plaintiff and other similarly situated employees in the calculation of their overtime compensation violated the OMFWSA, Ohio R.C. § 4111.03, *et seq*.

85. Defendant's actions and/or omissions were not in good faith.

86. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

87. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## JURY DEMAND

88. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

89. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    D.    Award Plaintiff and the classes he represents actual damages for unpaid wages;

    E.    Award Plaintiff and the classes he represents statutory liquidated damages;

    F.    Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

    G.    Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

  H.  Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

    Respectfully submitted,

    */s/ Matthew S. Grimsley*
    Matthew S. Grimsley (OH 0092942)
    Anthony J. Lazzaro (OH 0077962)
    The Lazzaro Law Firm, LLC
    The Heritage Building, Suite 250
    34555 Chagrin Boulevard
    Moreland Hills, OH 44022
    Telephone: (216) 696-5000
    Facsimile: (216) 696-7005
    matthew@lazzarolawfirm.com
    anthony@lazzarolawfirm.com

    Attorneys for Plaintiff